

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>BRAD KEITH LEE, STEPHEN T. HARD, and NORMAL EDWARD KURBAN aka JEDD KURBAN,<br><br>Defendant(s). | CASE NO. SA CR 08-177 DOC<br><br>FINAL<br>[TENTATIVE] O R D E R DENYING THIRD MOTION IN LIMINE TO EXCLUDE RECORDING |

Before the Court is Defendant Stephen T. Hard ("Hard") Third Motion in Limine for an order excluding the use at trial of unlawfully made recordings of confidential communications between government witnesses and Hard (the "Motion"). After considering the moving and opposing papers, the Court hereby DENIES the Motion.

I.   **Background**

The Government seeks to introduce into evidence the transcripts of four phone conversations between witnesses Arturo Salazar, Michael Tobiassen and Hegelio Belisario (collectively the "Witnesses") and Hard on December 20, 2004, December 31, 2004, and January

3, 2005. The conversations were recorded by the Witnesses without Hard's knowledge or consent. Moreover, the conversations were recorded more than seven months before the Federal Bureau of Investigation first learned of this case.

**II. Discussion**

Hard argues that exclusion of the transcripts is required under California Penal Code Section 632(d), which reads: "Except as proof in an action or prosecution for violation of this section, no evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section shall be admissible in any judicial, administrative, legislative, or other proceeding." Prohibited eavesdropping under Section 632(d) includes eavesdropping without consent of all parties to the conversation. Hard argues that 28 U.S.C. § 530B (the "McDade Amendment") requires the Court's application of the California statute to Government attorneys' conduct, in part because the McDade Amendment extends state law restrictions on attorneys' conduct to Government attorneys.

The Government does not dispute that recording the phone conversations violated California Penal Code Section 632(d). Instead, the Government argues that one party consent to recording a phone conversation is lawful under federal law, the admissibility of evidence in federal court is governed by the Federal Rules of Evidence, and not state law, and that the McDade Amendment is of no consequence here.

California Penal Code Section 632(d) does not govern the conduct of attorneys, but is concerned with the admissibility of evidence. On this issue, federal law supersedes, and specifically, the Court agrees with the Government's argument that the Federal Rules of Evidence should not be altered in order to accommodate the state law restriction. To the contrary, Federal Rule of Evidence 402 is the applicable rule, and it states that: "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority."

Moreover, the Government cited good authority for the proposition that evidence obtained in violation of state law is nonetheless admissible under the Federal Rules of Evidence.

*See United States v. Keen*, 508 F.2d 986 (9th Cir. 1974). Indeed, in *United States v. Hall*, 543 F.2d 1229 (9th Cir. 1976), the court considered the very California statute at issue and nonetheless held that wiretap evidence obtained in contravention of California Penal Code Section 632(d) was nonetheless admissible under the Federal Rules of Evidence. *Id.* at 1235. Though the wiretap in that case was effected after the federal investigation had commenced, the court's key inquiry was into its lawfulness under federal law. Here, the parties do not dispute that under federal law, phone conversations recorded with one party's consent are legal. *See* 18 U.S.C. § 2510, *et seq.*

Hard's reliance on the McDade Amendment is also misplaced. As previously mentioned, the McDade Amendment makes no mention of state evidentiary law, nor does California Penal Code Section 632(d) appear to concern attorneys' ethical obligations. Furthermore, 28 U.S.C. § 77.1(b) requires that Government attorneys' obligations are not be altered by any Federal evidentiary law. Finally, the Eleventh Circuit's disposal of the McDade Amendment's applicability in *United States v. Lowery*, 166 F.3d 1119, 1124 (11th Cir. 1999) ("Making state prescribed professional conduct rules applicable to federal attorneys is one thing. Letting those rules govern the admission of evidence in federal court is another.")

### III. Disposition

For the foregoing reasons, the Court hereby DENIES Hard's Motion.

IT IS SO ORDERED.

DATED: 11/12/09

_____
DAVID O. CARTER
United States District Judge